USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 9, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSHUE DEJESUS,                         :

                Petitioner,    :    16 Civ. 2552 (LTS)(HBP)

  -against-                            :    OPINION
                                             AND ORDER
ADA PEREZ,                              :

                Respondent.    :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

I. Introduction

       By notice of motion dated May 10, 2016 (Docket Item ("D.I.") 9), petitioner seeks to stay consideration of his habeas corpus petition while he exhausts certain claims in state court. For the reasons set forth below, the motion is denied.

II. Facts

       In September 2009, petitioner was convicted of murder in the second degree following a jury trial in Supreme Court, New York County (Affirmation in Opposition to Petitioner's Motion to Stay Petition, dated June 14, 2016 (D.I. 13) ("Resp.'s Aff.") ¶ 2). Petitioner, assisted by counsel, appealed his conviction to the Appellate Division of the Supreme Court, First Department

(Resp.'s Aff. ¶ 3).  Among other things, petitioner argued on appeal that his rights under the Confrontation Clause of the Sixth Amendment had been violated by the admission of testimony suggesting that law enforcement had information that petitioner was guilty of the murder even before the sole eyewitness to testify at trial, Lenny Carrasco, had identified him to the police (Resp.'s Aff. ¶ 3).  Petitioner also claimed that his rights under the Confrontation Clause were violated by the admission of testimony that Yanic Boras, or Johnny Bora, who did not testify at trial, conveyed "firsthand knowledge of who shot" the victim to the police (Resp.'s Aff. ¶ 3 (internal quotation marks omitted)).

In a decision dated April 9, 2013, the Appellate Division rejected petitioner's claims.  People v. DeJesus, 105 A.D.3d 476, 963 N.Y.S.2d 91 (1st Dep't. 2013).  In pertinent part, the court found that the evidence concerning when petitioner became a suspect was offered for legitimate, nonhearsay purposes.  People v. DeJesus, supra, 105 A.D.3d at 476, 963 N.Y.S.2d at 92-93.  Moreover, the testimony about Boras' statement to the police was not specific and, therefore, did not create a risk that the jury would infer that Boras' statement inculpated petitioner.  People v. DeJesus, supra, 105 A.D.3d at 477, 963 N.Y.S.2d at 93.

2

Petitioner's appellate counsel successfully sought leave to appeal to the New York Court of Appeals (Resp.'s Aff. ¶ 4). Counsel did not raise the claim concerning the testimony about Boras' statement to the police (Resp.'s Aff. ¶ 4). In a decision dated March 31, 2015, the Court of Appeals affirmed the Appellate Division's order. People v. Garcia, 25 N.Y.3d 77, 30 N.E.3d 137, 7 N.Y.S.3d 246 (2015).

Petitioner, proceeding pro se, commenced this action on March 28, 2016 (D.I. 1). The petition asserted only one claim, namely, that petitioner's "6th and 14th constitutional amendment right [sic] to confrontation and to a fair trial" were violated "by evidence that the police had identified petitioner as a 'specific suspect' hours before he was identified by prosecution witness Carrasco" (D.I. 1 at 6A). As supporting facts for this claim, petitioner stated, in part, that "[p]olice testimony at [m]urder trial, about obtaining information from other person in the course of the investigation violate [sic] petitioner['s] confrontation clause" (D.I. 1 at 6A). Petitioner's memorandum of law in support of his petition, however, also raises a claim concerning the testimony about Boras' statement to the police (D.I. 2 at 5-8).

Construing petitioner's motion leniently, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Tracy v.

3

Freshwater, 623 F.3d 90, 100-04 (2d Cir. 2010), petitioner seeks to stay consideration of his petition in order to allow him to exhaust two additional claims: (1) appellate counsel was ineffective for failing to exhaust the claim concerning the admission of testimony about Boras' statement to the police and (2) the merits of the claim concerning the admission of testimony about Boras' statement to the police.

III. Analysis

It is fundamental that a state prisoner seeking to vacate his conviction on the ground that his federal constitutional rights were violated must first exhaust all available state remedies. 28 U.S.C. § 2254(b); Cone v. Bell, 556 U.S. 449, 465 (2009); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005); Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 808-09 (2d Cir. 2000).

> If anything is settled in habeas corpus jurisprudence, it is that a federal court may not grant the habeas petition of a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the

4

existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b)(1).

Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001); accord Reed v. Duncan, 326 F. App'x 582, 583 (2d Cir. 2009) (summary order).[1]

Where a habeas petitioner has filed a "mixed petition," that is, a petition containing both exhausted and unexhausted claims, a District Court has the discretion to stay consideration of the exhausted claims while the petitioner exhausts his state remedies with respect to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). A stay to permit exhaustion is appropriate if (1) the unexhausted claims are not meritless, (2) the petitioner has good cause for failing to exhaust his claims in state court and (3) the petitioner has not engaged in intentional delay or abusive litigation tactics.

Assuming without deciding that a Rhines stay may be granted where it is sought to exhaust claims that are not set forth in the petition, McNeil v. Capra, 13 Civ. 3048 (RA), 2015 WL 4719697 at *6 (S.D.N.Y. Aug. 7, 2015) (Abrams, D.J.) (noting that the propriety of granting a Rhines stay to exhaust un-asserted claims is an open question in this Circuit), such a stay

---

[1] A federal court can consider the merits of an unexhausted claim asserted by a state prisoner, but only to deny the claim. 28 U.S.C. § 2254(b)(2).

5

is not warranted here because the un-asserted claims are meritless.

Petitioner's claim that his appellate counsel was ineffective for failing to raise before the New York Court of Appeals the claim concerning the testimony about Boras' statement to the police is meritless. A criminal defendant in New York has no right to appeal to the New York Court of Appeals; all such appeals are discretionary. Chalk v. Kuhlmann, 311 F.3d 525, 528 (2d Cir. 2002), citing N.Y. Crim. Proc. L. § 460.20(2)(a), (4). A criminal defendant has no federal right to counsel with respect to discretionary appeals. Ross v. Moffitt, 417 U.S. 600, 610-11 (1974). Because a criminal defendant has no federal right to counsel with respect to discretionary appeals, a criminal defendant has no right to the effective assistance of counsel with respect to a discretionary appeal. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam); Pena v. United States, 534 F.3d 92, 95 (2d Cir. 2008) (per curiam); Stephanski v. Superintendent of Upstate Corr. Facility, 433 F. Supp. 2d 273, 288 (W.D.N.Y. 2006).

To the extent petitioner is seeking a stay to exhaust his claim concerning the admission of testimony about Boras' statement to the police, the claim fails because it is procedurally barred. In order to exhaust a claim, "a petitioner must

6

present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) (internal quotation marks omitted); see also O'Sullivan v. Boerckel, supra, 526 U.S. at 847-48; Smith v. Duncan, 411 F.3d 340, 345 (2d Cir. 2005). Exhaustion requires that a prisoner must even pursue discretionary state appellate remedies before he can raise a claim in a habeas corpus proceeding. Baldwin v. Reese, supra, 541 U.S. at 29; O'Sullivan v. Boerckel, supra, 526 U.S. at 846-48. Petitioner did not raise any claim concerning the admission of testimony about Boras' statement to the police before the New York Court of Appeals and that claim is, therefore, unexhausted.

Because petitioner's claim concerning the admission of testimony about Boras' statement to the police is based on the record of petitioner's trial and could have been raised on direct appeal, petitioner has no procedural vehicle available to him to exhaust the claim. As the Court of Appeals for the Second Circuit explained in Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170 (2d Cir. 2000):

> New York permits only one application for direct review, . . . and having failed to raise the claim on direct appeal [petitioner] may not seek collateral relief in New York courts, see N.Y.Crim. Proc. Law § 440.10(2)(c) (McKinney 1994); Strogov v. Attorney Gen.,

7

> 191 F.3d 188, 193 (2d Cir. 1999); <u>Washington</u>, 996 F.2d
> at 1447; <u>Grey</u>, 933 F.2d at 120. Because [petitioner]
> failed to raise his claim in the ordinary appellate
> process and can no longer do so, it is procedurally
> defaulted.

<u>See</u> <u>also</u> <u>Clark v. Perez</u>, 510 F.3d 382, 392 (2d Cir. 2008) ("[A] motion to vacate based on facts visible on the trial record must be dismissed where the defendant unjustifiably failed to raise the issue on direct appeal."); <u>Jones v. Keane</u>, 329 F.3d 290, 296 (2d Cir. 2003); <u>Aparicio v. Artuz</u>, <u>supra</u>, 269 F.3d at 90-91; <u>Black v. McGinnis</u>, 99 Civ. 755 (MBM), 2001 WL 209916 at *4 (S.D.N.Y. Mar. 1, 2001) (Mukasey, D.J.).

Because petitioner no longer has a state remedy available to him with respect to his claim concerning the admissibility of testimony about Boras' statement to the police, the claim is deemed exhausted. <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93 (2006); <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996); <u>Brown v. Senkowski</u>, 152 F. App'x 15, 18 (2d Cir. 2005) (summary order); <u>Nevarez v. Artuz</u>, 99 Civ. 2401 (LBS), 2000 WL 718450 at *3 (S.D.N.Y. June 5, 2000) (Sand, D.J.); <u>Hurd v. Stinson</u>, 99 Civ. 2426 (LBS), 2000 WL 567014 at *7 (S.D.N.Y. May 10, 2000) (Sand, D.J.).

> This apparent salve, however, proves to be cold comfort
> to most petitioners because it has been held that when
> "the petitioner failed to exhaust state remedies and
> the court to which the petitioner would be required to
> present his claims in order to meet the exhaustion
> requirement would now find the claims procedurally

8

> barred," federal habeas courts also must deem the claims procedurally defaulted.

Aparicio v. Artuz, supra, 269 F.3d at 90, quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Norwood v. Hanslmaier, No. 93 CV 3748, 1997 WL 67669 at *2 (E.D.N.Y. Feb. 11, 1997); see also Coleman v. Thompson, supra, 501 U.S. at 731-32; Castille v. Peoples, 489 U.S. 346, 350 (1989); Teague v. Lane, 489 U.S. 288, 297-98 (1989). Thus, petitioner's claim concerning the admission of testimony about Boras' statement to the police cannot provide a basis for habeas relief because it is procedurally barred.[2]

Petitioner could theoretically overcome the procedural bar by demonstrating either (1) cause for and prejudice from petitioner's failure to assert his claim concerning testimony about Boras' statement to the police before the New York Court of Appeals or (2) that a failure to consider the claim would result in a fundamental miscarriage of justice. Schlup v. Delo, 513

---

[2]Any attempt to raise the claims concerning the admission of testimony about Boras' statement to the police would also be barred by New York Criminal Procedure Law Section 440.10(2)(a), which requires the denial of a motion to vacate a conviction if "[t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment." See also Cardoza v. Rock, 731 F.3d 169, 176 n.4 (2d Cir. 2013); Dorsey v. Irvin, 56 F.3d 425, 426 (2d Cir. 1995). Here, the merits of petitioner's claim concerning the admission of testimony about Boras' statement to the police was already addressed on the merits by the Appellate Division and cannot now be reasserted.

9

U.S. 298, 324-27 (1995); Coleman v. Thompson, supra, 501 U.S. at 748-50; Harris v. Reed, 489 U.S. 255, 262 (1989); Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).  However, "because [a habeas] petitioner does not have the right to counsel on a discretionary appeal, an error by counsel during such a discretionary appeal cannot be considered as cause that can excuse procedural default."  Chalk v. Kuhlmann, supra, 311 F.3d at 528, citing Coleman v. Thompson, supra, 501 U.S. at 756-57; accord DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (per curiam).  In addition, in order to establish a fundamental miscarriage of justice, petitioner would have to show that he is actually innocent of the crime of which he was convicted.  United States v. Olano, 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003) ("A habeas petitioner may avoid [a procedural] default . . . by showing . . . that failure to consider the claim will result in miscarriage of justice, i.e., the petitioner is actually innocent."); accord Johnson v. Bellnier, 508 F. App'x 23, 25 (2d Cir. 2013) (summary order); Sanchez v. Lee, 508 F. App'x 46, 48 (2d Cir. 2013) (summary order).  Petitioner offers no evidence to demonstrate that he is actually innocent.  Thus, petitioner has not made

either of the showings that is necessary to overcome a procedural bar.

Therefore, because petitioner's claim of ineffective assistance of counsel is meritless and the claim concerning the admission of testimony about Boras' statement to the police is procedurally barred, petitioner has failed to satisfy the first criterion for a Rhines stay.

IV. Conclusion

Accordingly, for all the foregoing reasons, petitioner's application to stay consideration of his habeas corpus petition while he exhausts claims in state court is denied.

Dated:  New York, New York
        November 9, 2016

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All parties

11