USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSHUE DEJESUS,  :

              Petitioner,  :  16 Civ. 2552 (LTS)(HBP)

   -against-  :  OPINION
                               AND ORDER

ADA PEREZ,  :

              Respondent.  :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

I. Introduction

        In an Opinion and Order dated November 9, 2016 (Docket Item ("D.I.") 17), I denied petitioner's application to stay consideration of his habeas petition while he exhausted unexhausted claims in state court. On or about January 24, 2017 petitioner filed a document entitled "Reply to Opinion and Order for Stay Consideration," (D.I. 19), in which petitioner seeks reconsideration of my November 9 Opinion and Order.

        As a motion for reconsideration, the motion is procedurally defective. Local Civil Rule Civil Rule 6.3 requires that motions for reconsideration be made within 14 days of the Order of which reconsideration is sought. Petitioner's motion is more than two months out of time. Second, petitioner submits factual

material in support of his application that was not previously submitted in support of his original application. This practice is also precluded by Local Civil Rule 6.3. See generally Allied Irish Bank, P.L.C. v. Citibank, N.A., 03 Civ. 3748 (DAB), 2015 WL 10792025 at *1 n.3 (S.D.N.Y. Aug. 24, 2015) (Batts, D.J.). Nevertheless, given petitioner's pro se status, the length of the sentence he is serving (20 years to life) and the lack of prejudice to respondent, I shall consider the merits of the application in the interests of justice.

In September 2009, petitioner was convicted of murder in the second degree following a jury trial in Supreme Court, New York County (Affirmation in Opposition to Petitioner's Motion to Stay Petition, dated June 14, 2016 (D.I. 13) ("Resp.'s Aff.") ¶ 2). Petitioner, assisted by counsel, appealed his conviction to the Appellate Division of the Supreme Court, First Department (Resp.'s Aff. ¶ 3). Among other things, petitioner argued on appeal that his rights under the Confrontation Clause of the Sixth Amendment had been violated by the admission of testimony suggesting that law enforcement had information that petitioner was guilty of the murder even before the sole eyewitness to testify at trial, Lenny Carrasco, had identified him to the police (Resp.'s Aff. ¶ 3). Petitioner also claimed that his rights under the Confrontation Clause were violated by the

2

admission of testimony that Yanic Boras, or Johnny Bora, who did not testify at trial, conveyed "firsthand knowledge of who shot" the victim to the police (Resp.'s Aff. ¶ 3 (internal quotation marks omitted)).

In a decision dated April 9, 2013, the Appellate Division rejected petitioner's claims. People v. DeJesus, 105 A.D.3d 476, 963 N.Y.S.2d 91 (1st Dep't 2013). In pertinent part, the court found that the evidence concerning when petitioner became a suspect was offered for legitimate, nonhearsay purposes. People v. DeJesus, supra, 105 A.D.3d at 476, 963 N.Y.S.2d at 92-93. Moreover, the testimony about Boras' statement to the police was not specific and, therefore, did not create a risk that the jury would infer that Boras' statement inculpated petitioner. People v. DeJesus, supra, 105 A.D.3d at 477, 963 N.Y.S.2d at 93.

Petitioner's appellate counsel successfully sought leave to appeal to the New York Court of Appeals (Resp.'s Aff. ¶ 4). Petitioner's application to the New York Court of Appeals stated:

> I enclose copies of the briefs filed in the Appellate Division, including the pro se supplemental brief, and that Court's order. Appellant requests this Court to consider and review all issues outlined in the briefs for defendant-appellant's brief, including the pro se supplemental brief.

(Petitioner's Reply to Opinion and Order for Stay Consideration, sworn to Jan. 19, 2017 (D.I. 19), Ex. A at 1). Petitioner appears to be arguing that the foregoing statement in the application for leave to appeal, in conjunction with the Court's granting of leave to appeal, undercuts respondent's representation that petitioner's counsel did not raise any claim in the Court of Appeals concerning the testimony about Boras' statement to the police (Resp.'s Aff. ¶ 4).

Petitioner is mistaken. Although petitioner's counsel sought to raise in the Court of Appeals all the claims that had previously been raised in the Appellate Division, he did not actually do so. I have reviewed petitioner's brief to the New York Court of Appeals, and it does not raise any issue concerning the testimony regarding Boras' statement. Thus, my prior Order denying petitioner's application for a stay was not based on any mistake of fact, and there is no reason to reconsider it.

Accordingly, petitioner's motion for reconsideration of Order dated November 9, 2016 is denied in all respects.

Dated: New York, New York
May 15, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed/transmitted to:

Mr. Joshue DeJesus
DIN 09A4840
121 Red Schoolhouse Road
P.O. Box F
Fishkill, New York 12524

Alice A. Wiseman, Esq.
Assistant District Attorney
New York County
1 Hogan Place
New York, New York  10013