UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOSHUE DEJESUS,

       Petitioner,

  -v-                                          No. 16 CV 2552-LTS-HBP

ADA PEREZ, Superintendent,

       Respondent.

-------------------------------------------------------x

MEMORANDUM ORDER

       Petitioner Joshue DeJesus, proceeding pro se, files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction under New York Penal Law § 125.25(1) for murder in the second degree. (Docket entry no. 1, the "Petition.") The Court has jurisdiction of this petition pursuant to 28 U.S.C. § 1331 and § 2254. In his Petition, DeJesus argues primarily that trial testimony from certain police detectives violated his Sixth Amendment right to confront the witnesses against him. On October 11, 2018, Magistrate Judge Henry Pitman issued a Report and Recommendation in which he recommended that the Petition be denied, that this Court issue a certificate of appealability, and that a certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued. (Docket entry no. 24, the "Report.")

       On November 14, 2018, Respondent filed an objection to the Report. (Docket entry no. 28, the "Resp. Objection.") Respondent's Objection agrees with the Report's principal recommendation that the Petition should be denied, but disagrees with the Report to the extent that it (1) suggests that the testimony at issue might have violated DeJesus's Sixth Amendment rights under the Second Circuit's decision in Ryan v. Miller, 303 F.3d 231 (2d Cir. 2002), (2)

fails to rule explicitly on Respondent's contention that any Sixth Amendment violation was harmless, and (3) recommends that a certificate of appealability be issued. On November 27, 2018, Petitioner filed an objection to the Report's conclusion that he had failed to identify any clearly established Supreme Court precedent applicable to the specific constitutional theory upon which he relied. (Docket entry no. 30, the "Pet. Objection.") The Court has reviewed carefully all of the parties' submissions.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C.A. § 636(b)(1)(C) (LexisNexis 2017). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. See 28 U.S.C. § 636(b)(1)(C). To the extent, however, that a party makes only conclusory or general objections, or simply reiterates original arguments, the Court will review the Report strictly for clear error. Pearson-Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

Petitioner's Objection

Petitioner argues in his Objection that the Report erred in concluding that there is no clearly established Supreme Court precedent applicable to the specific constitutional theory on which he relies. Instead, Petitioner contends, when determining whether a right is clearly established under federal law, a court need only ask whether the Supreme Court "acknowledged the right," not whether the Court "considered the exact incarnation of the right or approved the specific theory" upon which a petitioner relies. (Pet. Objection at 2.) Citing the Supreme Court's decisions in Bruton v. United States, 391 U.S. 123 (1968), and Gray v. Maryland, 523 U.S. 185 (1998), Petitioner argues that the Supreme Court has already held that "testimony that

indirectly includes an accusation against the defendant may violate the [Confrontation] [C]lause even if the testimony is not a direct reiteration of the accusatory assertion."  (Id. at 3-4.)

Petitioner's argument is unsupported by the cases upon which he relies.  In Bruton, the Supreme Court held that the introduction, at a joint trial, of a non-testifying co-defendant's confession inculpating the defendant violated the defendant's Confrontation Clause rights, even though the jury had been instructed to disregard the confession in determining the defendant's guilt or innocence.  Bruton, 391 U.S. at 124, 137.  The Court found that the co-defendant's confession constituted a "powerfully incriminating extrajudicial statement" such that "in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination.  The effect is the same as if there had been no instruction at all."  Id. at 136-37.  In Gray, the Court applied the principles articulated in Bruton, holding that the introduction of a co-defendant's redacted confession incriminating the defendant violated the Confrontation Clause where the confession "referred to, and directly implicated, another defendant."  Gray, 523 U.S. at 192.  Distinguishing Gray from another similar case involving a redacted confession, the Court noted that its ruling depended in significant part upon the fact that the confession at issue in Gray "involve[d] statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial."  Id. at 196.

While Bruton and Gray clearly establish the general right to confront one's accuser in the context of direct or obviously incriminating statements, contrary to Petitioner's assertion, neither case stands for the broader proposition that "testimony that indirectly includes an accusation against the defendant may violate the Confrontation Clause even if the testimony is

not a direct reiteration of the accusatory assertion." Although the Second Circuit has so held in Ryan v. Miller, 303 F.2d 231 (2d Cir. 2002), the Report correctly concludes that the Supreme Court has not yet addressed that question. See Alston v. Philips, 476 Fed. App'x 907, 909 (2d Cir. 2012). Ryan involved the introduction of police testimony which revealed that officers had read the defendant his rights immediately after receiving a call from another officer who was simultaneously interrogating a co-defendant. On those "particularly egregious facts," the Second Circuit found that a Bruton violation had occurred because the police testimony "amounted to an implicit out-of-court accusation by the co-defendant." Alston, 476 Fed. App'x at 910. Because the Supreme Court has not yet considered whether a defendant's confrontation rights are implicated in cases like Ryan, where the prosecution proffers testimony that "amount[s] to an implicit out-of-court accusation," the Court finds that the Report did not err in concluding that Petitioner had failed to demonstrate an unreasonable application of any clearly established federal law as determined by the Supreme Court.

        Bearing in mind, however, the Court's obligation to review pro se habeas petitions "with a lenient eye," Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983), and in light of Ryan's own reliance on Bruton, the Court considers whether the New York Court of Appeals unreasonably applied Bruton and Gray in denying Petitioner's Confrontation Clause claim. In this connection, the Court finds that, unlike the confessions at issue in Bruton and Gray, the testimony introduced by the prosecution in this case does not directly reiterate an accusatory assertion or explicitly implicate the Petitioner, nor does it amount to an implicit out-of-court accusation by a non-testifying witness like the testimony in Ryan. As the Report makes clear, detectives Rivera and Caballero both testified that they were looking for a specific suspect as of approximately 4:00 p.m. on June 9, before either detective had spoken to the eyewitness

who identified Petitioner in a photo array later that evening.  (See Report at 7-8, 12-13.)  These statements are not sufficiently specific to support an inference that some unknown anonymous caller had inculpated Petitioner.  Indeed, the jury could not have inferred that any statement by a non-testifying witness had been made until Petitioner's own counsel, while cross examining detective Rivera, introduced the notion that some other individual had identified Petitioner at 4:00 p.m. on June 9.  (Id. at 10-11.)  This testimony is insufficient to implicate Petitioner's right to confrontation.  See Giles v. California, 554 U.S. 353, 376 n.7 (2008) (observing that "the confrontation guarantee limits the evidence that the State may introduce without limiting the evidence that a defendant may introduce").  Under these circumstances, the Court cannot conclude that the New York Court of Appeals unreasonably applied Bruton or Gray in denying Petitioner's Confrontation Clause claim.  Accordingly, Petitioner's Objection to the Report is overruled, and the Court adopts the Report's recommended conclusion that the Petition be denied because Petitioner has not demonstrated that the New York Court of Appeals unreasonably applied clearly established federal law in denying his Confrontation Clause claim.

Respondent's Objection

Respondent raises three objections to the Report.  First, Respondent disagrees with the Report to the extent that it suggests that the record "might violate the Confrontation Clause" under Ryan.  (See Report at 33.)  Because, as explained above, Petitioner has not demonstrated that the state court unreasonably applied any clearly established federal law, including the Supreme Court's decisions in Bruton and Gray, the Court sustains this aspect of Respondent's Objection and declines to adopt the Report's observation that the record testimony "might violate the Confrontation Clause" under Circuit precedent, which does not constitute "clearly established Federal law" for purposes of section 2254(d)(1).

Next, Respondent objects to the Report's failure to rule on her contention that, even if there had been a Confrontation Clause violation, any error would have been harmless. Because the Report need only have reached this argument if it found that a Confrontation Clause violation had occurred, the Court overrules this aspect of Respondent's Objection and finds no error in the Report's failure to render what would be a speculative, advisory opinion on the issue of harmless error.

Finally, Respondent objects to the Report's recommendation that the Court issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Citing the Supreme Court's decision in Miller-El v. Cockrell, 537 U.S. 322 (2003), Respondent argues that the Report incorrectly focused on whether reasonable jurists could debate the underlying constitutional claim, rather than whether reasonable jurists could disagree with the conclusion that the Petitioner is not entitled to relief under section 2254. Respondent's Objection misreads Miller-El and section 2253, which specifically directs the Court to consider whether a petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (LexisNexis 2008). The Supreme Court in Miller-El made a similar observation, noting that the relevant question is "the debatability of the underlying constitutional claim, not the resolution of that debate." 537 U.S. at 342. In view of the Report's observation that the trial record in this case is "troubling," the Court finds that the merits of Petitioner's confrontation claim are debatable among reasonable jurists and, as the Report recommends, will issue a certificate of appealability. Respondent's Objection to this recommendation is accordingly overruled.

For the foregoing reasons, Respondent's Objection is sustained in part and overruled in part, as set forth above. Petitioner's Objection is overruled in its entirety. The Court adopts the Report with the exception of the full paragraphs on pages 32-33 and the

Report's observation on page 33 that "the record might violate the Confrontation Clause" under Ryan.  For the reasons stated in this Memorandum Order and the Report, the Petition is denied, a certificate of appealability shall be issued pursuant to 28 U.S.C. § 2253(c)(2), and a certification pursuant to 28 U.S.C. § 1915(a)(3) shall not be issued.  The Clerk of Court is respectfully requested to enter judgment dismissing the Petition accordingly.  This Memorandum Order resolves docket entry nos. 1, 28, and 30.

    SO ORDERED.

Dated: New York, New York
      July 9, 2019

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           United States District Judge